ANNA F. DIETZ, PLAINTIFF-RESPONDENT, v. HENRY GLASGOW, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 28, 1933.

For the defendant-appellant, *Edward Farry, Jr.* (*Cecil S. Ackerson*).

For the plaintiff-respondent, *Ward Kremer* (*I. George Rabin*).

The opinion of the court was delivered by

BODINE, J. The present action was brought to recover commissions earned on the sale of a farm. The plaintiff sought to bring herself within a provision of the statute of frauds permitting a recovery when written notice of an agreement for the payment of commissions on a sale of lands has been served upon the seller pursuant to the statute. 1 *Cum. Supp. Comp. Stat., p.* 1452.

Defendant obtained a rule to show cause why the verdict should not be set aside because (1) against the weight of evidence; (2) contrary to the court's charge, and (3) the result of passion, prejudice or mistake. After the argument the rule was discharged. The first three grounds of appeal challenge (1) the denial of defendant's motion for a nonsuit; (2) the denial of defendant's motion for a direction of a verdict; (3) the refusal of the court to direct a verdict in favor of the defendant. Although the rule reserved these grounds, nevertheless the argument of the weight of evidence operated as a bar to the argument here of the refusal of the nonsuit and the refusal of a direction of a verdict. *Freschi* v. *Mason,* 108 *N. J. L.* 272.

The defendant failed to challenge, in any way, the correctness of the court's charge, although the sixth, seventh, eighth and ninth grounds of appeal allege error. We cannot review,

when there is no objection, or other challenge addressed to the court's instructions. *Kargman* v. *Carlo,* 85 *N. J. L.* 632; *White* v. *Public Service Co-ordinated Transport,* 109 *Id.* 325.

The fourth ground of appeal alleges error in the admission in evidence of a statement made in the defendant's presence by his wife, that she too would be glad to sell the farm. If the ruling was erroneous, and we do not think it was, still from our examination of the whole case we fail to see how it injuriously affected the substantial rights of the defendant. *Practice Act* 1912, *p.* 382, § 27.

The fifth ground of appeal alleges error in the receipt in evidence of a closing statement presented to one John J. Newmeyer, who, the proofs indicate, was the conduit through whom the defendant conveyed the farm to the purchasers introduced to him by the plaintiff. At all events, they appear to have furnished the money for the purchase and later took a conveyance from Newmeyer. Certainly, there was no injury by the court's ruling to the defendant's substantial rights.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.